```
UNITED STATES DISTRICT COURT                          C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                             :
JULIO PEREZ,                                 :
                                             :
                                             :  **MEMORANDUM**
                              Plaintiff,     :  **DECISION AND ORDER**
                                             :
            - against -                      :  16 Civ. 5307 (BMC)(LB)
                                             :
CITY OF NEW YORK DEPARTMENT OF               :
CORRECTIONS; COMMISSIONER JOSEPH             :
PONTE, and SUPERINTENDENT OF RNDC            :
ADA PRESLEY,                                 :
                                             :
                              Defendants.    :
                                             :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff Julio Perez, who is currently incarcerated at Rikers Island, brings this *pro se* action against the New York City Department of Correction and two supervisory officials. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Complaint is hereby dismissed, but plaintiff is granted 20 days leave to amend his complaint.

## BACKGROUND

Plaintiff alleges that on June 1, 2016, he was sitting on his bed in his assigned housing at Rikers Island when two other inmates began fighting. He states that Officer Taveras sprayed "K-9 chemical spray," which plaintiff describes as a "Sabre aerosol projector classification # 4510-RF." He experienced burning in his throat, skin, eyes, and lungs and severe coughing. He mentions "exposed areas in contact" and alludes to something "on body for 3 to 6 days." He alleges that he was denied medical treatment "for several week[s]." When he finally saw

medical staff "recently," he was told that his eyesight is deteriorating and was prescribed eye drops and was scheduled to see an eye doctor.

He states that he suffered "intentional infliction of emotional duress, pain and cruel and unusual punishment," and an 8th Amendment violation through a denial of medical care. He also asserts "negligence, gross negligence, negligent supervision, intentional infliction of emotional distress and violations of his constitutional right" and "unconstitutional imprisonment." He seeks $1 billion in damages, along with "pro-se-attorney's fee" and costs and expenses.

Plaintiff also attaches documents, including a Directive for the City of New York Department of Correction describing the procedures for use of approved chemical agents. One of the authorized products is "Sabre Aerosol Projector MK-9." He also attaches a copy of an electronic message from a paralegal casehandler at the Prisoner's Rights Project of The Legal Aid Society.

## DISCUSSION

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Moreover, at the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must plead "enough

2

facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 662 (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Moreover, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Pursuant to the *in forma pauperis* statute, a district court must also dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In this case, plaintiff alleges that his constitutional rights were violated when he was sprayed by a chemical agent and denied immediate medical treatment. A claim alleging deprivation of constitutional rights may be brought pursuant to 42 U.S.C. § 1983. Section 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). In order to bring a claim pursuant to § 1983, a plaintiff must show that each of the named defendants was personally involved in the wrongdoing or

3

misconduct complained. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. A municipality can be liable under § 1983 only if the plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

In this case, each of the named defendants must be dismissed. Plaintiff names the New York City Department of Correction ("DOC") as a defendant. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. DOC is an agency of the City of New York and, as such, is not a suable entity. See, e.g., McNeil v. City of New York, No. 13 CV 4579, 2013 WL 4761142, at *2 (E.D.N.Y. Sept. 3, 2013) (holding that DOC and other "agencies of the City of New York . . . lack independent legal existence and are not suable entities"); Campbell v. New York City, No. 12 CV 2179, 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (dismissing claims against DOC because it is a non-suable entity). Accordingly, plaintiff's claims against the DOC are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii). The Court need not allow plaintiff to substitute the City of New York as a defendant, because

4

plaintiff has not alleged that a municipal policy or custom caused the deprivation of his constitutional rights.

Plaintiff also names the Commissioner of the DOC, Joseph Ponte, and the facility superintendent of the RNDC, Ada Presley, as defendants, but he fails to allege that these supervisory officials participated in the alleged harm or could otherwise be held liable for any deprivation of his constitutional rights. Accordingly, the claims against defendants Joseph Ponte and Ada Presley are also dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of plaintiff's *pro se* status, the court grants plaintiff leave to amend his complaint to name the individuals, such as Officer Tavares, whom plaintiff believes to have been responsible for the alleged deprivation of his constitutional rights. Plaintiff is advised that an amended complaint completely replaces the original complaint. He must describe what each defendant did or failed to do in violation of his civil rights. Moreover, plaintiff must identify the nature of any federal claims. Medical malpractice or negligence claims do not allege a federal cause of action. Prisoners and detainees do have constitutionally protected rights to be held under humane conditions of confinement, including access to adequate food, clothing, shelter, medical care, and security. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Inadequate medical treatment may give rise to a constitutional deprivation where a prisoner alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (establishing the standard applicable to treatment of convicted prisoners under the Eighth Amendment). In order to meet this standard, a plaintiff must show that he was "actually deprived of adequate medical care," and that "the inadequacy in medical care is sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

Further, a plaintiff seeking to hold prison officials liable for deliberate indifference must also show that the official "knows that inmates [or detainees] face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. In this case, plaintiff merely states that he was denied access to medical care "for several weeks." He has not adequately alleged that the treatment was insufficient to address his medical concerns or that he suffered any serious or lasting medical issues as a result of this delay.

## **CONCLUSION**

For the reasons discussed above, the Court finds that plaintiff has failed to state a claim against the named defendants. Accordingly, the Complaint is dismissed in its entirety, with leave to file an amended complaint within 20 days of the date of this Order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. If plaintiff fails to file an amended complaint within 20 days, the complaint will be dismissed without prejudice and judgment will be entered. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                                            _____
                                                                                                                            U.S.D.J.

Dated: Brooklyn, New York
          September 29, 2016

6